**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD FIELDS,

    Plaintiff,

v.

ROBERT HOZEL, Warden; MICHAEL SAVRE, Chief Medical Officer; and JOHN DOE, Director, CDCR,

    Defendants.

                                  /

No. C 06-6852 PJH (PR)

**ORDER OF SERVICE**

This is a habeas case filed pro se by a state prisoner. In the original complaint he alleged that he suffers from weekly seizures and that he has had brain surgery twice. He walks with a cane and wears a helmet and back brace. He contended that he needs a cell designed for disabled inmates, needs to be housed in an infirmary or hospital, and needs special shower arrangements to avoid injury. He asserted that the failure to provide him with these things violates his Eighth Amendment rights and the Americans with Disabilities Act. In the initial review order the court concluded that plaintiff had sufficiently alleged a violation of his rights, but had not linked the defendants to that violation. The complaint was dismissed with leave to amend. Plaintiff has amended.

**DISCUSSION**

*1. Review of amended petition*

In the amended complaint plaintiff does not mention defendant John Doe, Director of the CDCR. The Director therefore no longer is a defendant. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) (defendants not named in an amended complaint are no longer defendants).

Plaintiff contends that defendant Sayre, the Chief Medical Officer, discriminated against him by refusing to allow him to be housed in general population because of his seizures, rather than sending him to an appropriate facility where he would not need to be kept in segregation. He lists the things and activities which he is denied as a result of being in segregation: a phone, yard exercise, dayroom, church, job, vocational education, "visiting holiday activities," and other things. These allegations are sufficient to state a claim for denial of due process in being held in segregation, violation of equal protection rights, and violation of the Americans with Disabilities Act.

In addition, plaintiff contends that he is endangered by being forced to shower in a very narrow shower; he fears he might have an attack and injure himself by hitting the walls of the narrow shower cubicle. This is sufficient to state an Eighth Amendment deliberate indifference to safety claim against Sayre for forcing him to be housed in such circumstances.

Plaintiff does not, however, allege any specific facts regarding defendant Horel, the warden. He says only that Horel and Sayre conspired to cause him to be housed as he is and that Horel and the warden of High Desert State Prison conspired to have him transferred to Pelican Bay, but does not allege specific facts such as when these agreements were reached or how they were reached, nor does he plead material facts sufficient to raise an inference of conspiracy. The conclusory allegations are insufficient to state a claim against Horel. *See Woodrum v. Woodword County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy not supported by material facts insufficient to state claim under § 1983). The claims against Horel will be dismissed.

Plaintiff also purports to present a claim under 42 U.S.C. § 1985(3). A cause of action under § 1985(3) requires a showing of some racial or class-based discrimination, and the first clause of § 1985(3) requires intent to deprive victims of equal protection of the laws. *See Kush v. Rutledge*, 460 U.S. 719, 724-26 (1983). The elements of a claim under the first clause of § 1985(3) are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a

resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). As with plaintiff's other conspiracy claims, under § 1985(3) "'[a] mere allegation of conspiracy without factual specificity is insufficient.'" *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (quoting *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988), *overruled on other grounds by Johnson v. California*, 543 U.S. 499 (2005). In view of plaintiff's failure to adequately allege conspiracy, the § 1985 claim will be dismissed.

*2. Motion for injunctive relief*

Plaintiff moves for a preliminary injunction. In order to enforce an injunction, the district court must have personal jurisdiction over the person or entity enjoined. *See In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). The court should not issue an injunction that it cannot enforce. *Id.* For that reason, the motion will be denied. It may be renewed if service is achieved.

**CONCLUSION**

1. Plaintiff's claims against defendants John Doe and Warden Horel and his § 1985 claims are **DISMISSED**.

2. Plaintiff's motion for a preliminary injunction (document number 5 on the docket) is **DENIED**.

3. Plaintiff has stated a claim against defendant Sayre. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on defendant Michael Sayre, M.D. Plaintiff states that this defendant can be found at Pelican Bay State Prison.

4. In order to expedite the resolution of this case, the court orders as follows:

a. No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date his summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

3

  b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached notices regarding motions for summary judgment and motions to dismiss for failure to exhaust.

  c. If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

 5. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

 6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

 7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May  15 , 2007.

               PHYLLIS J. HAMILTON
               United States District Judge

G:\PRO-SE\PJH\CR.06\FIELDS852.SRV

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**
**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.